## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE METRO-POLITAN TELEPHONE AND TELEGRAPH COMPANY.

*Attorney-general—When and when not authorized to appear by special counsel.*

Under the act of 1848, the attorney-general has no right to appear by special or local counsel on the trial of a case at the circuit court.

*N. Y. Circuit, October, 1882.*

LAWRENCE, J.—In the case of *The People of the State of New York* agt. *The Metropolitan Telephone and Telegraph Company*, which is an action brought for the purpose of having it judicially determined "that certain poles now erected, or intended to be erected, in a certain street in the city of New York are a public nuisance and an obstruction to the public use of said street; that the said defendant forthwith remove each of said poles, and all the parts of said structure so by the defendant erected in said street, therefrom, and that the defendant restore said street in all respects to the condition in which it was previous to such erection; that the said

nuisance be wholly abated and all the parts thereof entirely taken away, so that said street shall be and remain as it was before the said nuisance or structure was erected ; that the defendant and its officers, agents and servants be restrained by injunction from putting any wires or other things upon said poles or any of them; and from erecting any more poles on said Twenty-first street, and from doing anything whatever with said poles except to remove them ; that the plaintiff recover from the defendant $2,000 damages and the costs of this action," both sides have answered ready, but the attorney and counsel for the defendant have objected that, as the attorney-general of the state is not present, either in person or by his duly constituted deputy, the action ought not to proceed, it being suggested to the court that, under the act of 1848, the attorney-general has no right to appear by special or local counsel on the trial of a case at a circuit court.

I am free to say that when the point was first suggested to me I was inclined to think that it was not well taken, for the reason that my own experience and my observation for many years past has been that in such actions the · attorney-general has almost always appeared by special or local counsel. But upon reference to the statute I find that it is provided that :

" The attorney-general shall be and hereby is authorized to employ additional counsel in prosecuting and defending suits and proceedings in which the people are a party, or are interested, at any general or special term, or at chambers of the supreme court in any of the judicial districts of the state whenever the discharge of other official duties shall prevent him attending in person " (*Laws of* 1848, *chap.* 357, *sec.* 2).

It is quite obvious that the language of the statute does not embrace a trial at the circuit court, the language being " the attorney-general is authorized to employ additional counsel at any general or special term, or at chambers of the supreme court in any of the judicial districts of the state." This is not a general term or special term, nor is it the chambers of the supreme court, but it is a circuit court. I should have

been inclined to think that, irrespective of that statute, the attorney-general had a general power to employ counsel in actions of this character, but the court of appeals in a very recent case have construed the statute, and it certainly would be an assumption on my part, sitting as a circuit court judge and as a member of an inferior tribunal, to undertake to impose a limitation upon the language employed by the court of appeals which the court certainly have not in terms imposed.

The case to which I refer is the case of *The Attorney-General agt. The Continental Life Insurance Company,* which, so far as I have been able to ascertain, has not yet been reported in the regular reports of the court, but which is to be found in the The Daily Register of the 19th of April, 1882. In that case special counsel had been employed by the attorney-general *In the Matter of the Continental Life Insurance Company,* and certain allowances had been awarded to defendant's counsel for services which they were alleged to have performed. It was conceded, on the argument of the case, that the allowances, if it were in the power of the court to grant allowances in such cases, or of the attorney-general to employ special counsel in such cases, were reasonable and proper, and the main point on which the case turned was as to the power of the attorney-general to employ counsel. The opinion was rendered by chief judge ANDREWS, and was concurred in by all the judges of the court who were present. In that case the court say :

" We have not been able to find any statutory authority conferred upon the attorney-general to appoint special counsel to act generally for him in the conduct of suits or proceedings in which the state is interested. The Revised Statutes (1 *R. S.,* 164, *sec.* 15) authorize the governor to employ counsel to assist the attorney-general in any suit or proceeding prosecuted or defended by him in behalf of the state. By chapter 357, Laws of 1848, the attorney-general is authorized to employ additional counsel in prosecuting or defending suits in which the people are a party, or are interested ' at any

general or special term or at chambers,' when official duties prevent his attending in person. This statute, as will be observed, limits the authority conferred to the appointment of counsel to appear at a term of court or at chambers, and then only when the attorney-general cannot be present in person. We find no other general statute conferring upon the attorney-general authority to employ special counsel on behalf of the state. It seems to be quite plain that the statutes referred to did not authorize the general retainer under which the petitioner in this case acted. The retainer was not confined to an appearance by the petitioner in court or at chambers, nor was it made upon the special exigency contemplated by the statute. *Independent of the statute, there seems to be no authority vested in the attorney-general to employ special counsel.* In view of the statutes regulating the employment of counsel, such authority cannot be deemed to be vested in that officer as incident to his office. Provision is made for the appointment of deputies to assist the attorney-general. This general provision and the statute authorizing the governor or the attorney-general, in certain cases, to appoint special counsel, seem plainly to exclude the inference of an authority in the attorney-general to appoint special counsel outside of the statute."

It will be observed that in that opinion the court say that not only is the authority of the attorney-general limited by the express provisions of the statute, but that he has no authority incident to his office to employ counsel. A very elaborate argument was had in this case on this point on Friday last, and I was much pressed by counsel with the point that it would be utterly impossible for the attorney-general to perform the duties of his office, if such a construction were given to the statute as is contended for by the defendant's counsel. With that consideration I, of course, cannot deal. The highest court of the state has said that no authority exists in the attorney-general outside of that statute to employ counsel, and they have also said, that the statute does not

give him power to employ special counsel in such a case
as this.   And apart from that consideration, even if there
was any doubt in my own mind as to the exact force of the
language which the court has employed, it is the right of the
defendants to insist that when this action is tried, it shall be
tried by counsel who are beyond all dispute entitled to
represent the state.   Should they succeed upon the trial of
this action, it is their right to have a judgment which shall
be binding upon the state.

Perhaps it is unnecessary for me to say anything more, but
I will observe, in conclusion, that the attorney-general him-
self, in his communication to the legislature dated the 11th
day of April, 1872, seems to have concurred in the view
which I have expressed, and seems to have put the same con-
struction upon the decision of the court of appeals in the
case to which I have referred as that which I have put on it.
The question there was presented as to the power of the
attorney-general, or the state, to have certain cases opened in
which orders or allowances had been made, and without read-
ing the whole language of the opinion.   I will refer to a
portion of it.   The learned attorney-general says:

" The court of appeals has this day decided that the attor-
ney-general had no power to broadly authorize the special
counsel to represent him upon the conduct of these litigations,
and, therefore, it impliedly follows that the service of papers
on such special counsel, and his various appearances for the
attorney-general, were unauthorized by law.   I am of the
opinion that under this decision the attorney-general may ask
the courts with propriety to review the various orders granted
upon the ground that the state has not been legally repre-
sented upon the hearing in those cases where the action was
brought by the attorney-general."

In view of that opinion, and in view of the opinion of the
court of appeals, I ought not, even if I entertained a doubt
as to the construction of this statute, to force these defend-
ants to trial, when if a judgment should be obtained in their

favor an application might subsequently be presented to the court to open that judgment and set aside the verdict of the jury on the ground that the state had not been legally represented. Therefore, in obedience to the opinion of the court of appeals, I must sustain the objection of the defendant's counsel and I must direct that this case stand over until the attorney-general or one of his lawfully authorized deputies appears here on behalf of the state.